UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARRYL JAMES McGLAMRY,** : | |
| Petitioner, : | Civil Action No. 06-143 (GK) |
| : | |
| v. : | |
| : | |
| **HARLEY G. LAPPIN, et al.,** : | |
| Respondents. : | |

### RESPONDENTS' MOTION TO TRANSFER
### PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
### AND/OR DECLARATORY JUDGMENT

The respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully move the Court to transfer petitioner's pro se Petition for Writ of Habeas Corpus and/or Declaratory Judgment to the United States District Court for the Northern District of Ohio. As explained below, if the Court construes the petition as a complaint seeking relief under the Declaratory Judgment and Administrative Procedure Act, the interests of justice and the convenience of the parties will be best served if the Court transfers this matter to the U.S. District Court for the Northern District of Ohio. Alternatively, as also explained below, if the Court construes the petition as a habeas petition, the Court lacks personal jurisdiction over the petitioner's custodian and therefore must transfer the petition to the U.S. District Court for the Northern District of Ohio.

### BACKGROUND

On June 1, 1989, in the U.S. District Court for the Middle District of North Carolina, petitioner was sentenced 264 months' incarceration for conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 841(a)(1). See United States v. McGlamry, 898 F.2d 148, *1 (4th Cir.), cert. denied, 498 U.S. 839 (1990); see also Exhibit A.

On or about January 26, 2006, petitioner filed the instant petition. In his petition, petitioner alleges as follows: While he was incarcerated at the Federal Correctional Institution in Jesup, Georgia, he agreed to assist officials in that institution in an investigation into staff misconduct. In exchange, he was promised "a warde[n]-to-warden transfer to the Low Custody Correctional Institution in Coleman, Florida (Coleman-Low)." Pet. at 3. In cooperating with officials regarding the investigation into staff misconduct, he realized that he would have to disclose computer files that would reveal his business relationship with a UNICOR vendor and that this "might result in a disciplinary action against him." Id. at 6. A Special Investigative Agent agreed that information in those computer files "would not be used against Petitioner for purposes of a disciplinary action." Id. However, after this information was disclosed, an incident report based on the information was issued to petitioner. Id. at 5. Following a disciplinary hearing, petitioner received several sanctions. In addition, he was transferred to a federal facility in Talladega, Alabama (and apparently thereafter to the Elkton Federal Correctional Institution in Ohio) rather than to Coleman-Low.

Petitioner claims that the Bureau of Prisons ("BOP") did not follow its own regulations in that the incident report was untimely, he was not permitted to call a witness that he requested at the hearing, and the sanctions imposed against him were not proper. Petitioner also contends that he is entitled to a new disciplinary hearing, expungement of the incident report and related documents, and "specific performance" of his alleged agreement with officials at the Federal Correctional Institution in Jesup, Georgia (i.e., the transfer to Coleman-Low as was allegedly promised to him).

**ARGUMENT**

Petitioner's claims should not be adjudicated in this Court. Petitioner was not convicted in this Court; he is not incarcerated here; and the documents and witnesses relating to his claim are not located here.

Petitioner states that he seeks relief under a federal habeas provision (28 U.S.C. § 2241) and under the Declaratory Judgment and Administrative Procedure Acts. He challenges the location of his confinement and the BOP's adherence to its own regulations in conducting his disciplinary hearing. He does not appear to challenge the fact or the duration of his confinement. Cf. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (prisoner in state custody must proceed via habeas and may not use a § 1983 action to challenge "the fact or duration of his confinement").

Petitioner's claims may be construed as non-habeas claims. Cf. Taylor v. U.S. Probation Office, 409 F.3d 426 (D.C. Cir. 2005) (holding that inmate properly could challenge the location of his confinement via a § 1983 action). If the Court construes petitioner's claims as arising under the Declaratory Judgment and Administrative Procedure Acts, the Court should transfer this matter to the U.S. District Court for the Northern District of Ohio. Petitioner initially could have filed suit in that court because, under the general venue statute, he "resides" at his place of confinement in Ohio. See 28 U.S.C. § 1391(e); In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978) ("for purposes of the general venue statute a prisoner has his residence at his place of confinement"); Starnes v. McGuire, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) (en banc) (same).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "This provision 'is intended to place discretion in the district court to

adjudicate motions to transfer according to an individualized case-by-case consideration of convenience and fairness.'" Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20 (D.D.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (second set of quotation marks omitted); see also Rogers v. Federal Bureau of Prisons, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (same).

In deciding whether to grant a motion to transfer pursuant to 28 U.S.C. §1404(a), the Court should examine a number of factors including the prisoner's location, the location of the witnesses and files, the prisoner's ability to confer with counsel, the speed of final resolution, and the interests of justice. Starnes, 512 F.2d at 929-32; see also Nichols v. United States Bureau of Prisons, 895 F. Supp. 6 (D.D.C. 1995); 28 U.S.C. § 1404(a).

Consideration of these factors counsels in favor of transfer of this case to the Northern District of Ohio. Petitioner is incarcerated in a BOP facility located in that district. The D.C. Circuit has noted that "[t]he burdens and dangers involved in transporting a prisoner across long distances are . . . a significant inconvenience to the Bureau of Prisons and will normally justify transfer." Starnes, 512 F.2d at 931. Moreover, petitioner did not commit his crimes in the District of Columbia nor was he tried or sentenced here. "[M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Id. at 926.

In addition, when petitioner was transferred to the Federal Correctional Institution in Elkton, Ohio, the files and prison records pertinent to his claims were transferred there. Thus, aside from the witnesses at the federal facility in Jesup, Georgia, the documents and a key witness - petitioner himself - are in Ohio. "In cases in which the plaintiff's claims will require

testimony or files that are most easily obtained at or near the place of incarceration, 'the district in which the institution is located will ordinarily be the more convenient forum.'" Joyner, 267 F. Supp.2d at 20-21 (quoting Starnes, 512 F.2d at 931). Thus, "[a]lthough the plaintiffs' choice of forum must be given deference, this deference is greatly diminished when the activities have little, if any, connection with the chosen forum." Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (internal quotation marks and citation omitted).

Finally, while petitioner currently is proceeding pro se in this matter, the difficulties that he is likely to have if the Court decides to appoint him counsel here also strongly support transfer:

> When a case is litigated in the District of Columbia on behalf of a prisoner in a distant prison, the attorney is necessarily limited to the time-consuming and inefficient communication provided by letters. Although such long-distance consultation may achieve a reasonable development of what the prisoner has defined as his case, it is likely that both important nuances and possible additional issues will be overlooked due to the problems of communication.

Starnes, 512 F.2d at 930.

In sum, transferring this matter to the U.S. District Court for the Northern District of Ohio best suits the convenience of the parties, is likely to result in the speediest resolution of this matter, and is in the interests of justice. Accordingly, if the Court construes petitioner's petition as a complaint brought under the Declaratory Judgment and Administrative Procedure Acts, the Court should transfer this case to the U.S. District Court for the Northern District of Ohio after giving petitioner notice of the proposed action and an opportunity to be heard on the issue. Id. at 934-35; see also Montgomery v. United States, 1998 WL 1749286 (D.D.C. June 16, 1998) (relying on Starnes and transferring the case to judicial district of petitioner's confinement where

"[t]he question whether plaintiff's claim is properly brought as a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, or as a review of an agency rulemaking, pursuant to the [Administrative Procedure Act], is a close one").

Alternatively, the Court may construe petitioner's suit as an habeas action. Cf. Taylor, 409 F.3d at 430 (holding that inmate properly could challenge the location of his confinement via a § 1983 action, but also noting that "[i]t may well be that habeas is available where a prisoner alleges that he 'is unlawfully confined in the wrong institution'") (quoting Preiser, 411 U.S. at 486). If the Court so construes petitioner's petition, the Court must transfer the petition to the U.S. District Court for the Northern District of Ohio.

When petitioner filed his petition, he was incarcerated at the Federal Correction Institution in Elkton, Ohio, and he is still housed there. Thus, his "immediate custodian" is the warden of that federal institution, which is in the Northern District of Ohio. In habeas challenges, the petitioner's immediate custodian is the only proper respondent and jurisdiction lies only in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This Court thus lacks personal jurisdiction over the "person having custody of the person detained" as required by 28 U.S.C. § 2243. Therefore, the Court should transfer petitioner's petition to the United States District Court for the Northern District of Ohio, after giving petitioner notice of the proposed action and an opportunity to be heard on the issue. See Stokes v. United States Parole Comm'n, 374 F.3d 1235, 1238 (D.C. Cir.) (where petitioner was incarcerated in a private facility in Ohio at the time he filed his habeas petition in the United States District Court for the District of Columbia and thereafter was moved to a federal facility in South Carolina, "the only proper respondent to [his] habeas petition was his 'immediate custodian' - that is, the warden of the

Ohio facility in which he was incarcerated at the time he filed the petition"), cert. denied, 543 U.S. 975 (2004).

## CONCLUSION

For these reasons, we respectfully request that the Court grant this Motion to Transfer, after giving the petitioner notice of the proposed transfer and an opportunity to respond.[1]

A proposed order is attached as Exhibit B.

>
> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> D.C. Bar Number 451-058
> United States Attorney
>
> ROBERT D. OKUN
> D.C. Bar Number 457-078
> Chief, Special Proceedings Section
>
>
> _____/s/_____
> MARGARET J. CHRISS
> D.C. Bar Number 452-403
> Assistant United States Attorney
> 555 4th Street, N.W.
> Special Proceedings Section
> Washington, D.C.  20530
> (202) 307-0874
> facsimile (202) 514-8784

---

[1] Two notes in closing are necessary. First, petitioner filed this suit as a habeas petition, which required him to pay a $5 filing fee. 28 U.S.C. § 1914. If the Court concludes that petitioner may not proceed via habeas, then petitioner would be required to pay a filing fee of $250. Id. Consistent with the Prison Litigation Reform Act ("PLRA"), he might be able to proceed in forma pauperis. 28 U.S.C. § 1915. However, since he has been incarcerated, petitioner has filed approximately 23 other suits. Exhibit C. Thus, the "three strikes" provision of the PLRA might bar him from proceeding in forma pauperis. 28 U.S.C. § 1915(g); see also Smith v. District of Columbia, 182 F.3d 25, 27 (D.C. Cir. 1999). Second, if the Court declines to transfer this matter, we reserve the right to respond on the merits and do not waive any legal or factual defenses.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, this 13th day of March 2006, I caused a copy of the foregoing Motion to Transfer Petitioner's Petition and attached exhibits to be served by first-class mail upon:

Darryl James McGlamry
Fed. Reg. # 14101-057
FCI Elkton
Lisbon, OH 44432

                                                      _____/s/_____
                                                      Assistant United States Attorney