UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRYL JAMES McGLAMRY,

        Petitioner,

-vs-                         CIVIL ACTION NO. 06-143(GK)

HARLEY G. LAPPIN, et al.,

        Respondents.

## PETITIONER'S OBJECTION TO MOTION TO TRANSFER

COMES NOW the Petitioner, **DARRYL JAMES McGLAMRY**, in propria personam, sui juris, acting as his own counsel and pursuant to the Order of this court files this his Objection to the Respondent's Motion to Transfer. In Objection thereto the Petitioner would state as follows:

"For the convenience of the parties and witnesses, in the interest of justice," a district court may transfer venue to any other district where the plaintiff could have brought the complaint. (See 28 U.S.C. §1404(a)). As the moving party herein the defendant bears the burden of establishing that the transfer of this action is proper. Air Line Pilots Ass'n v. Eastern Air Lines, 672 F.Supp 525, 526 (D.D.C. 1987). Generally, a strong presumption exists in favor of plaintiff's choice of forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-256, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

-1-

RECEIVED
MAR 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The relevant factors typically considered in evaluating a motion to transfer include: (1) a plaintiff's privilege of choosing the forum; (2) convenience of the parties; (3) location of the counsel; (4) convenience of the witnesses; (5) the location of records; (6) the speed with which the underlying civil case may be resolved by the courts; and (7) the interest of justice. As noted by the defendants the issues presented herein are multi-fold. Beginning with how to treat the instant action. Is it a habeas action or an Administrative Procedure Act one? Defendants cite case law asserting that the question "is a close one".

The Petitioner chose to file the litigation in the instant district because the primary defendant is the Director of the Bureau of Prisons. The BOP's Central Office is located in the District. Respondent Lappin transacts business in the district on a daily basis.

The Defendants argue that under a habeas action the only proper respondent is the "immediate custodian". Plaintiff submits that in the instant action the Director is properly named due to the fact that the "immediate custodian", Warden T.R. Sniezek, lacks the authority to grant the relief requested or to carry out the relief if granted by the court. (i.e. transfer) Under BOP program statement 5100.07, the Warden can only submit a Request for Transfer to the Regional Director who will then decide if the transfer is appropriate. The Director however possesses the authority to carry out the requested relief. As such, he is properly named and the action is appropriately filed in this District.

The defendants note that the Petitioner was not convicted in this court. That argument is irrelevant. The instant action does not involve the Petitioner's conviction. Instead it relates to the administration of his sentence by the BOP. The Director is the Chief Executive Officer of the BOP and the ultimate arbiter of any dispute within the agency.

The defendants note that the Plaintiff is not incarcerated in the District. Again, the issue is one relating to an administrative disciplinary action. The action took place in Jesup, Georgia. Plaintiff was subsequently transferred to Elkton, Ohio. The majority of the witnesses, to the best of the Plaintiff's knowledge, are located in the Middle District of Georgia. And while the Plaintiff appreciates opposing counsel's concern for his ability to confer with counsel, since the Plaintiff is before the court pro se, this poses no problem.

As for the location of records and the location of counsel, as the defendants noted, plaintiff has participated in several legal actions regarding the BOP. It has been the Plaintiff's experience that government counsel has little or no problem in communicating. Plaintiff's personal experience reveals that the AUSA appearing in an action generally works hand in hand with an associate attorney in the BOP's General Counsel's Office for the Region in which the inmate litigant is incarcerated. This allows appropriate access to not only the BOP computerized database records ("SENTRY") but to the inmate's central file.

Plaintiff would ask that the court note that the decision

relied upon most by the defendants, Starnes v. McGuire, 512 F.2d 918 (D.C.Cir.) was decided in 1978. Plaintiff submits that the world is a far different place than the one that existed at the time of that decision. The technological revolution that has taken place since then, especially in the field of telecommunications has made the world a much smaller place. The government, including the U.S. Attorney's office and the BOP, are totally computerized. With the advent of modern communications systems such as e-mail, faxes and instant messaging, not to mention the resources presented by high-speed photocopiers and Fed-Ex, it is hardly an imposition on counsel to litigate the instant action. In fact, it makes little or no difference whether an AUSA in Youngstown, Ohio represents the defendants or one in D.C. does. Either way counsel will rely on the same communication system and receive information from an associate attorney working in the BOP's Northeast Regional Office located in Philadelphia, PA.

In previous actions the Plaintiff has never experienced any problem with opposing counsel being unable to obtain access to appropriate witnesses. Plaintiff further submits that the instant action is one that will be decided based on the law, not witness testimony. The evidence presented in the complaint shows that the defendants do not dispute Plaintiffs assertions of fact. The issue will turn on whether the defendants took action in accordance with their own policies and established case law.

**WHEREFORE**, the Plaintiff respectfully request that this Honorable Court deny the motion to transfer the instant action.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by U.S. mail, postage prepaid, to: Margaret J. Chriss, AUSA, 555 4th Street, N.W., Washington, D.C. 20530, on this the 21st day of March, 2006.

*[signature]*

Darryl McGlamry
Reg. #14101-057
FCI Elkton
P.O. Box 10
Lisbon OH 44432-0010
(330) 424-7448